**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

**POPLAR AVE LLC,**

**Petitioner,**

**v.** **No: __________________**

**GOTHAM INSURANCE COMPANY,**

**Respondent.**

---

**PETITION FOR APPOINTMENT OF APPRAISAL UMPIRE**

---

COMES NOW the Petitioner, Poplar Ave LLC ("Petitioner"), by and through counsel, and hereby petitions this Court for the purpose of appointing an appraisal umpire in accordance with the terms and conditions of the insurance policy issued by the Respondent, Gotham Insurance Company. In support, Petitioner states and alleges as follows:

**PARTIES, JURISDICTION, & STATEMENT OF THE CASE**

1. The Petitioner, Poplar Ave LLC, is a Tennessee limited liability company with its principal place of business located at 5811 Poplar Ave., Memphis, Tennessee 38119. Petitioner is comprised of two members whose residency and citizenship are diverse from that of Respondent.

2. The Respondent, Gotham Insurance Company ("Respondent"), is an insurance company conducting business in the State of Tennessee with its principal place of business located at 412 Mt. Kemble Avenue, Suite 300C, Morristown, New Jersey 07960. Respondent is incorporated in the State of New York.

3. This Petition originates from an insurance claim made by Petitioner for substantial water damage to its property, which is operated as a hotel and is located at 5811 Poplar Ave, Memphis, Tennessee 38119 (the "Insured Premises").

4. The Parties have a dispute concerning the amount of loss.

5. After the Loss and for the purpose of resolving the Parties' dispute concerning the amount of loss resulting from the water damage, the Parties agreed to the appraisal process provided for in the insurance policy.

6. Generally, an appraisal entails each party choosing their own competent and impartial appraiser for the purpose of proceeding with the appraisal. The Parties' chosen appraisers are then charged with jointly selecting an appraisal umpire ("Umpire"). The two appraisers and the Umpire would comprise a 3-person appraisal panel ("Appraisal Panel") for the purpose of resolving disputes concerning the amount of the Loss.

7. In the event the appraisers are unable to jointly agree upon an Umpire, as they are here, then either Party may petition a court for judicial appointment of an Umpire.

8. Petitioner must now respectfully request that this Court appoint an Umpire to complete the Appraisal Panel and allow the appraisal of the Loss to proceed without delay.

9. Complete diversity of citizenship exists pursuant to 28 U.S.C. § 1332, and the amount in controversy, exclusive of interests and costs, exceeds the jurisdictional requirement of $75,000.00. Specifically, Petitioner's present action for the appointment of an appraisal umpire is brought pursuant to an insurance policy where the amount disputed between the parties exceeds $75,000.00. Venue is proper in this Court because the Insured Premises giving rise to this insurance dispute is located in Memphis, Shelby County, Tennessee.

**FACTS**

10. At all times relevant hereto, Petitioner was insured pursuant to an insurance contract whereby Respondent agreed to insure the structures located at the Insured Premises against property damage, bearing Policy No. PR202300003917 (the "Policy"). The Policy's term was November 21, 2023 to November 21, 2024. A copy of the Policy is attached as ***Exhibit 1***.

11. The Policy provides insurance coverage for direct physical loss to the buildings located at the Insured Premises and such other insurance coverage, as specifically set forth in the Policy.

12. Pursuant to the Policy, Petitioner paid an annual premium to Respondent in exchange for insurance coverage. Petitioner paid the required premiums at all times relevant to this Petition.

13. On July 31, 2024, a building at the Insured Premises suffered water damage from a covered loss, which resulted in significant damage to the building and personal property located therein (the "Loss").

14. Petitioner promptly reported the Loss to Respondent.

15. Respondent acknowledged that the Loss is a compensable claim and made partial payments on the claim.

16. Petitioner disagreed with the amount paid by Respondent and believes the amount of loss to be much greater than estimated by Respondent.

17. As explained above, to resolve this dispute, the Parties have agreed to the appraisal process, as provided for in the Policy.

18. As part of the appraisal process, the Policy states that the Parties "*will* select a competent and impartial appraiser." (*See* ***Exhibit 1***, Policy, at Page 22) (emphasis added).

19. Pursuant to this requirement, Petitioner appointed Henry Rodriguez as its appraiser, and the Respondent appointed Harrison Jones as its appraiser.

20. Next, the Policy provides that "[t]he two appraisers *will* select an umpire." (*Id.*) (emphasis added). The Policy's Appraisal provision, however, also states: "[i]f they [the appraisers] cannot agree [on an Umpire], either may request that the selection be made by a judge of a court having jurisdiction." (*Id.*).

21. To date, the Parties' chosen appraisers, Mr. Rodriguez and Mr. Jones, have been unable to select and agree upon an Umpire despite a good faith effort to do so by Petitioner's appraiser, Mr. Rodriguez.

22. Mr. Rodriguez attempted to contact Respondent's appraiser, Mr. Jones, on at least four occasions via email in June 2025. In those multiple emails, Mr. Rodriguez suggested six proposed Umpires.

23. When Mr. Jones ultimately responded, he declined to agree to any of the six proposed Umpires and offered no alternative suggestions for the Umpire.

24. When Mr. Rodriguez suggested a seventh umpire candidate in July 2025, Mr. Jones did not respond to the suggestion until mid-August 2025, again declining to agree to the seventh Umpire and offering no suggested umpires of his own

25. The appraisers have reached an impasse with respect to the appointment of an Umpire.

26. Pursuant to the appraisal provision of the Policy issued by the Respondent, Petitioner files the instant Petition and respectfully requests that this Court appoint an Umpire and allow the Parties to move forward with the appraisal process set forth in the Policy.

27. The entirety of the Appraisal clause contained within the Policy is set forth below:

> If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two
> will be binding. Each party will:
>
> **a.** Pay its chosen appraiser; and
> **b.** Bear the other expenses of the appraisal and umpire equally.
>
> If there is an appraisal, we will still retain our right to deny the claim.

(*See* ***Exhibit 1***, Policy, at Page 22) (bold emphasis in original).

**COUNT I – PETITION FOR APPOINTMENT OF UMPIRE**

28. The allegations contained in the paragraphs above in this Petition are incorporated herein by reference as if set forth verbatim.

29. The Parties' chosen appraisers have been unable to agree upon an Umpire, as required by the Policy, to determine the amount of the loss.

30. Petitioner requests that this Court grant the requested relief by entering an Order appointing an individual from the following list of impartial and competent umpires or such other person that may be later proposed by Petitioner or otherwise found suitable by the Court:

A. Ted Taylor – Mr. Taylor is the Owner and President of Kaleb Blake Company, LLC, a position he has held since 2005. In his capacity at Kaleb Blake Company, he provides ADR services, including appraisals, mediations, umpire services, and negotiated settlements for both insurers and policyholders. He has been appointed as an umpire on more than 3,300 claims and as an appraiser on more than 2,500 claims. Mr. Taylor's vast experience includes commercial, residential, and large

loss claims as high as eight figures. Mr. Taylor is HAAG certified and IICRC certified in water damage restoration. His CV is attached as ***Exhibit 2***.

B. Thomas Leitch – Since 2007, Mr. Leitch has owned Leitch Claims, where he serves as an appraiser, umpire, estimator, and adjuster. In addition, his experience includes working as a Team Lead at Farm Bureau Insurance Company's CAT office, as well as a field claims adjuster for USAA. Mr. Leitch has spent much of his career estimating claims and working in alternative dispute resolution processes. He is a Certified HAAG Inspector, a Certified General Adjuster, and a Certified Flood General Adjuster. His CV is attached as ***Exhibit 3***.

C. Steve Schmitt – Mr. Schmitt specializes in serving as an umpire in appraisals, rendering awards on over 1,800 different claims. Those claims have ranged from residential to commercial, thousands of dollars to multi-million dollars, and minor damage to catastrophic losses. His wide array of experience includes estimating losses to single and multi-family residences, condominiums, apartment complexes, warehouses, and manufacturing facilities, among others. Mr. Schmitt is a Certified IAUA Umpire, holds an Applied Structural Drying Certification, and is a member of P.L.A.N., the Property Loss Appraisal Network. His CV is attached as ***Exhibit 4***.

D. Robert Norton – For more than 20 years, Mr. Norton has served an umpire, appraiser, and adjuster in his role as the owner of General Adjusting Services, Inc. and General Construction Consulting, Inc. From "cottages to castles to communities," he prides himself on his responsive and efficient handling all of claims, including large loss and CAT claims. Mr. Norton has served as a court-appointed umpire for appraisals ranging from New York to Puerto Rico. He is a

WIND Fellow, which is Windstorm Insurance Network's highest professional designation, and he has been a certified umpire since 2005. His CV is attached as ***Exhibit 5***.

31. At this time, Petitioner seeks no award of monetary damages. Petitioner requests, however, that the Court retain jurisdiction and leave this matter remaining open pending the outcome of the appraisal for the purpose of enforcing any Appraisal Award that may be issued by the Appraisal Panel once an Umpire is appointed.

**WHEREFORE**, Petitioner prays for the following relief:

A. That this Court appoint an appraisal umpire as set forth in the Policy's appraisal clause;

B. Such further relief as is just and appropriate under the circumstances; and

C. That the Court retain jurisdiction to enforce the Appraisal Award, if necessary.

Respectfully submitted,

McWHERTER, SCOTT & BOBBITT PLC

s/Jonathan L. Bobbitt
JONATHAN L. BOBBITT #23515
jonathan@msb.law
J. BRANDON McWHERTER #021600
brandon@msb.law
NANCY R. STEER #33562
nan@msb.law
109 Westpark Drive, Suite 260
Brentwood, Tennessee 37027
T: (615) 354-1144
F: (731) 664-1540

*Attorneys for Petitioner*